**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

MARSHALL BROWN,                    )
                                   )
                Plaintiff,         )
                                   )
        v.                         )        Civ. No. 25-745-GBW-LDH
                                   )
BRENDAN MOTE,                      )
                                   )
                Defendant.         )

**REPORT AND RECOMMENDATION**

Plaintiff Marshall Brown, an inmate incarcerated at the James T. Vaughn Correction Center ("JTVCC"), initiated this civil action *pro se* and was granted leave to proceed *in forma pauperi*s. (D.I. 5, D.I. 8).  Plaintiff asserts excessive force claims under 42 U.S.C. § 1983 arising from an incident in which he asserts he was pepper-sprayed by Defendant Mote.  (D.I. 3).  The complaint was screened pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and the Court issued a Service Order authorizing service upon Defendant Mote while dismissing Defendants White, Delaware Department of Correction, and JTVCC.  (D.I. 10).  The Court subsequently entered a Scheduling Order.  (D.I. 14).  Plaintiff now seeks to amend his complaint (D.I. 19, the "Motion to Amend"), which Defendant Mote opposes.  (D.I. 20).  For the following reasons, I recommend GRANTING-IN-PART and DENYING-IN-PART Plaintiff's Motion to Amend.

First, I recommend granting Plaintiff's motion to the extent it seeks to add White back in as a party. (D.I. 19).  Plaintiff named White as a Defendant in his original Complaint. (D.I. 3). This Court dismissed White as a party because the Complaint did not suggest White's personal involvement in any civil rights violation.  (D.I. 10 ¶1).  In that Order, the Court noted that White was dismissed for lack of personal involvement because the Complaint "merely alleges that Defendant White accompanied Defendant Sergeant Brendan Mote while letting Plaintiff out of his

cell for recreation." (*Id.*)  Here, however, Plaintiff's Amended Complaint adds that White was "present and observed the incident from close proximity" and did not intervene.  (D.I. 19 ¶¶ 6-7). "[A] corrections officer's failure to intervene in a beating can be the basis of liability for an Eighth Amendment violation under § 1983 if the corrections officer had a reasonable opportunity to intervene and simply refused to do so."  *Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002). Plaintiff's Amended Complaint is sufficient to support a plausible inference that White had a reasonable opportunity to intervene and did not. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) ("*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile").

Second, I recommend denying Plaintiff's motion to the extent it seeks to add JTVCC Warden Brian Emig to this action. (D.I. 19).  Plaintiff attempts to assert claims against Warden Emig "in his official capacity as an indispensable supervisory party responsible for facility policy, training, and oversight."  (D.I. 19 at 1-2).  But Plaintiff "cannot predicate liability on [his] § 1983 claims on a respondeat superior basis." *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 227 (3d Cir. 2015).  And Plaintiff's claims against the Warden otherwise fail because he has not alleged any basis for concluding that the Warden was personally involved in the alleged constitutional violations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  Plaintiff's addition of Emig is futile and should be denied. *Averill v. Jones*, 152 F.Supp.3d 265, 267 (D. Del. 2016) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))

Accordingly, I recommend GRANTING-IN-PART and DENYING-IN-PART Plaintiff's Motion to Amend.

Objections to this Report and Recommendation may be filed within fourteen (14) days after being served with a copy of the Report and Recommendation. *See* FED. R. CIV. P. 72(a) & (b)(2); *see also* FED. R. CIV. P. 6(d). Objections are limited to seven (7) pages. The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights or the right to appellate review. *SeeHenderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99–100 (3d Cir. 2017); *United Steelworkers of America, AFL-CIO v. New Jersey Zinc Co.*, 828 F.2d 1001, 1006–08 (3d Cir. 1987); *Bello v. United Pan Am. Fin. Corp.*, C.A. No. 24-2052, 2025 WL 275109, at *3 n.5 (3d Cir. Jan. 23, 2025).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Federal Rule of Civil Procedure 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be filed within fourteen days and limited to ten pages. Any response shall be filed within fourteen days thereafter and limited to ten pages. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court.

Dated: July 8, 2026

_____
UNITED STATES MAGISTRATE JUDGE